**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PB&J SOFTWARE, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:12-CV-690 SNLJ** |
| | ) | |
| **ACRONIS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

Plaintiff PB&J Software, LLC brought this patent infringement suit against defendant Acronis, Inc. Defendant moved to dismiss or for a more definite statement and to transfer to the United States District Court for the District of Delaware (#11). This matter has been fully briefed and is now ripe for adjudication.

## I. Background

According to the complaint, plaintiff is the assignee of and owns all the right, title, and interest in and has standing to sue for infringement of United State Patent 7,356,535 (the " '535 Patent" or "Patent"). Plaintiff asserts that the defendant is infringing, inducing others to infringe, and/or contributorily infringing at least one claim of the '535 Patent. Such infringing activities by defendant allegedly include, but are not limited to, making, using, importing, selling and/or offering products and services. The infringing activities allegedly include, but are not limited to, offering services and licensing software implementing what defendant identifies as an initial "seed" backup.

Plaintiff claims that the defendant's actions constitute infringement of at least once claim of the Patent in violation of 35 U.S.C. §§ 271, 281-85. In addition, plaintiff claims willful

infringement because it claims defendant has infringed the Patent with knowledge of the Patent. Plaintiff states that the defendant has derived substantial revenue from its infringement and that defendant is causing irreparable harm and monetary damage to plaintiff. Plaintiff seeks an injunction and damages.

Defendant moved to dismiss or for a more definite statement, and to transfer this action to the United States District Court for the District of Delaware.

## II. Motion to Dismiss or for More Definite Statement

Plaintiff's short complaint purports to allege claims for direct patent infringement, contributory patent infringement, induced infringement, and willful infringement. Defendant contends that each claim should be dismissed or that the Court should require plaintiff to file a more specific pleading. The Court addresses each argument in turn.

### A. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint attacked by a Rule 12(b)(6) motion must be dismissed for failure to state a claim if it does not plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007) (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A petitioner need not provide specific facts to support his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the grounds on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517

F.3d 544, 549 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 222 (2008) (quoting *Twombly*, 550 U.S. at 555-56 & n.3).

Although recent Supreme Court precedent has refined the plausibility requirement, *e.g., Matrixx Initiatives, Inc. v. Siracusano*, 131 S.Ct. 1309, 1323 (2011); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 570, none of those cases addresses the sufficiency of a complaint for which there is, as here, a sample complaint in the Appendix of Forms to the Federal Rules of Civil Procedure. *See In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1333-34 (Fed. Cir. 2012). Form 18 sets forth a model complaint for patent infringement, and it requires

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*Id.* at 1334 (quoting *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)).

The model complaint set forth in Form 18 is relevant because Federal Rule of Civil Procedure 84 states that "the forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." Fed. R. Civ. P. 84; *see also Bill of Lading*, 681 F.3d at 1334. Further, the Advisory Committee Notes state that "[t]he amendment serves to emphasize that the forms contained in the Appendix of Forms are sufficient to withstand attack under the rules under which they are drawn, and that the practitioner using them may rely on them to that extent." Fed. R. Civ. P. 84. advisory committee's note. The language of Rule 84 and the Advisory Committee Notes make "clear that a pleading, motion, or other paper that follows one of the Official Forms cannot be successfully attacked." 12 Charles Alan Wright,

Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3162 (2d ed. 1997), *quoted in Bill of Lading*, 681 F.3d at 1334. "As the Supreme Court has noted, moreover, any changes to the Federal Rules of Civil Procedure 'must be obtained by the process of amending the Federal Rules, and not by judicial interpretation.'" *Bill of Lading*,681 F.3d at 1334 (quoting *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)). Accordingly, in the event of a conflict between *Twombly* and the Forms, the Forms control. *Bill of Lading*,681 F.3d at 1334.

Defendant has also moved for a more definite statement under Federal Rule of Civil Procedure 12(e), which states, "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e)(2009).

**B. Direct Infringement Claim**

Defendant maintains that plaintiff failed to state a claim for direct infringement because it fails to identify the accused product. The model complaint for patent infringement set forth by Form 18 is:

> (Caption--See Form 1.)
>
> 1. (Statement of Jurisdiction--See Form 7.)
>
> 2. On date, United States Letters Patent No. _______ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
>
> 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court. ....

Form 18 thus requires the plaintiff to identify "the device embodying the patent," and uses as an example an "electric motor." *See Bill of Lading*, 681 F.3d at 1334 (quoting *McZeal*, 501 F.3d at 1357) (bracketing removed). Here, plaintiff identifies infringing activities as including, but not limited to, "offering services and licensing software implementing what Acronis identifies as an initial 'seed' backup.'" Cmplt. ¶ 11. Defendant argues that plaintiff's pleading deprives defendant of any notice of plaintiff's claims, as required by Federal Rule of Civil Procedure 8(a): First, plaintiff fails to explain in what products, services, or documentation defendant allegedly identifies this "seed" backup. Second, although plaintiff alleges that defendant has "identifie[d]" something as "'seed' backup," defendant states that it should not be expected to "identify" any accused functionality.

Plaintiff responds that the patent-in-suit generally relates to computer software for backing up computer data with a "seed" function, and it identifies the infringing software as Acronis software that incorporates the "seed" function. Plaintiff contends that this provides more detail than required by Form 18, which merely identifies, as an example, "electric motors" as the infringing device — the Form, plaintiff continues, does not require identifying the electric motors as electric motors incorporating some feature or function. Plaintiff argues that defendant wants plaintiff to identify the device by a model number or trademark, which Form 18 apparently does not require.

However, plaintiff does not characterize the Patent at all in its complaint, and, defendant points out, plaintiff's Patent does not use the words "seed backup," so it is unclear how the phrase even relates to the Patent. Defendant acknowledges that it mentions a "seed backup" on its website with respect to some of its products, but plaintiff has not defined how plaintiff applies

the phrase to the Patent technology, nor has plaintiff identified which products it accuses of infringement in this case.

Plaintiff cites *Eolas Technologies, Inc. v. Adobe Systems, Inc.*, No. 6:09cv446, 2010 WL 2026627, at *3 (E.D. Tex. May 6, 2010) and *Clear with Computers, LLC v. Bergdorf Goodman, Inc.*, No. 6:09-cv-481, 2010 WL 3155888, at *2 (E.D. Tex. Mar. 29, 2010) in support of its position. In *Eolas*, the patents-in-suit involved website components, and the plaintiff claimed that defendant infringed the patents through "web pages and content..including...web pages and content accessible via www.jpmorgan.com...". 2010 WL 2026627, at *1. Defendant contended that the plaintiff had not adequately specified how it infringed the patents. The court's analysis was brief: "[plaintiff] does identify the accused instrumentality as JPMorgan's website. Given the nature of the patents, this is a sufficient identification." *Id.* at *3.

Similarly, in *Clear with Computers*, infringing devices were "methods practiced on various websites (including but not limited to, [Defendant's homepage]) making and using supply chain methods, sales methods, sales systems, and inventory systems covered by one or more claims of the [patent-in-suit]." 2010 WL 3155888, at *2. The court held simply that the plaintiff's "complaint is no more vague than the sample form." *Id.*

Here, plaintiff has not explained how the "nature" of its patent renders plaintiff unable to specify the infringing devices. As stated above, the term "seed backup" does not appear in the Patent itself, and plaintiff fails to offer an explanation connecting the term "seed backup" to the Patent. Moreover, despite plaintiff's argument that its reliance on Form 18 shields it from attack under Rule 12(b)(6), the Court notes that the plaintiff has not actually followed Form 18. Form 18 specifically includes, in paragraph 2, that the hypothetical plaintiff has been issued a patent

"for an invention in an *electric motor*," and, in paragraph 3, that defendant has infringed by making "*electric motors* that embody the patented invention." Plaintiff here has not used either model complaint paragraph to describe its Patent or to connect the Patent to the infringing device.

As a result, plaintiff has not adequately identified the allegedly infringing device. It is entirely possible, however, that the plaintiff may cure the deficiency through amendment. Plaintiff's direct infringement claim will be dismissed with leave to amend.

**C. Indirect Infringement Claims**

At the outset, the Court notes that "it is axiomatic that there can be no inducement or contributory infringement without an underlying act of direct infringement." *Bill of Lading*, 681 F.3d at 1333 (internal quotations omitted). Defendant maintains that the plaintiff's contributory and induced infringement claims suffer from additional defects, as well. Unlike direct infringement, claims for indirect infringement are not governed by Form 18, but by the *Iqbal* and *Twombly* plausibility standard. *Id.* at 1337.

**1. Contributory Infringement**

Liability for contributory infringement arises "if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *Id.* at 1337 (quoting 35 U.S.C. § 271(c) and citing *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek*, Inc., 424 F.3d 1293, 1312 (Fed. Cir. 2005)). The Supreme Court requires plaintiff to plead enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 560.

Here, plaintiff states only that defendant "is...contributorily infringing...at least one claim of the '535 Patent." Cmplt. ¶ 11. Although plaintiff pleads that defendant engages in infringing activities including "making, using, importing, selling and/or offering" certain infringing products and services, plaintiff fails to plead the elements of a contributory infringement claim. *Bill of Lading* requires plaintiff to "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." 681 F.3d at 1337. Plaintiff makes no effort to do so.

Plaintiff also fails to plead any facts regarding how the infringing "material or apparatus" is *known* by the defendant to be especially made or adopted for use in infringement of the Patent. To the contrary, plaintiff suggests that it "need not plead facts of Acronis's mental state." (#17 at 6.) Plaintiff's cited cases all predate *Bill of Lading*, which requires plaintiff to allege facts supporting the elements of its contributory infringement claim. 681 F.3d at 1337.

Plaintiff's contributory infringement claim is therefore deficient. Amendment will be permitted.

**2. Induced Infringement**

Plaintiff's induced infringement claim is deficient for the same reason its contributory infringement claim is deficient. Liability for induced infringement under 35 U.S.C. § 271(b) "requires knowledge that the induced acts constitute patent infringement." *Bill of Lading*, 681 F.3d at 1339. The Federal Circuit requires that complaints for induced infringement "contain facts plausibly showing that [defendants] specifically intended [others] to infringe the [patent-in-suit] and knew that [others'] acts constituted infringement." *Id.* Plaintiff has not done so here, but plaintiff will be permitted to amend.

**D. Willful Infringement**

The law is unclear regarding what is required for pleading willful infringement versus what is required to prove willful infringement at trial. The Federal Circuit held that willful infringement requires "at least a showing of objective recklessness," which means the plaintiff must show that "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). Defendant asserts that the "objective recklessness" standard should apply to pleadings such that the plaintiff must allege that it provided defendant with notice of the Patent and that defendant acted with that knowledge. Defendant cites *Abbott Labs v. Sandoz, Inc*., 532 F. Supp. 2d 996, 999-1001 (N.D. Ill. 2007) in support as having granted a motion to dismiss for failure to meet the objective recklessness standard, but the motion was also a Rule 12(c) motion for judgment on the pleadings. The court there did not address pleading standards, but rather the substance of that plaintiff's claim.

On the other hand, plaintiff cites a number of cases in support of its position that *Seagate* is not controlling for pleading purposes, but there are few published cases addressing the issue. *See, e.g.*, *Sony Corp. v. LG Electronics USA, Inc.*, 768 F. Supp. 2d 1058, 1064 (C.D. Cal. 2011) ("plaintiff need not allege specific facts establishing objective recklessness under *Seagate*"); *Oracle Corp. v. DrugLogic, Inc.*, 807 F. Supp. 2d 885, 902-03 (N.D. Cal. 2011) ("where the plaintiff identified the specific accused products and alleged that the defendant received actual notice of the patents in suit, the plaintiff stated a claim for willful infringement") (see #17 at 7-8). As one court observed, "The pleading requirements for willful infringement in this District and the Federal Circuit do not appear to be clearly established. However, this Court has observed

that, much like direct infringement and its pleading requirements in accordance with Form 18 and Federal Circuit law, the bar for pleading willful infringement is not high." *MobileMedia Ideas LLC v. HTC Corp.*, No. 2:10–cv–112, 2011 WL 4347037, at *2 (E.D. Tex. Sept. 15, 2011) (citing *FotoMedia Techns., LLC v. AOL, LLC*, No. 2:07–CV–255, 2008 WL 4135906, at *2 (E.D. Tex. Aug. 29, 2008).

No court from this Court's own District appears to have opined on this matter. The majority of cases, however, appear in line with plaintiff's position. *See, e.g.*, *Sony Corp.*, 768 F. Supp. 2d at 1064; *Oracle Corp.*, 807 F. Supp. 2d at 902-03; *Cloud Farm Associates, L.P. v. Volkswagen Group of America, Inc.*, No. 10-502-LPS, 2012 WL 3069390, at *3 (D. Del. July 27, 2012); *MobileMedia Ideas LLC*, 2011 WL 4347037, at *2; *FotoMedia Techns., LLC*, 2008 WL 4135906, at *2. In addition, the Federal Circuit has approved of willful infringement pleadings that state simply "that the 'infringements have been willful and with full knowledge of the . . . patents.'" *Sentry Protection Prods., Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005) (citing *Dunlop v. Schofield*, 152 U.S. 244, 249 (1894)). That is the case here. Plaintiff pleaded expressly that, "14. Defendant's infringement is willful because Defendant has infringed the '535 Patent as alleged herein, with knowledge of the '535 Patent."

At the very least, however, plaintiff's willful infringement claim here is — like the other claims — defective because it fails to "identif[y] the specific accused products" alleged to infringe on the Patent. *Oracle Corp.*, 807 F. Supp. 2d at 902. Presumably, plaintiff's amendment, if successful, will remedy that defect.

**E. Motion for More Definite Statement**

Because the Court will dismiss plaintiff's complaint with leave to amend, the Court need not address defendant's motion for a more definite statement.

**III. Motion to Transfer to United States District Court for District of Delaware**

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Intern., Inc. v. Mississippi Chemical Corp*., 119 F.3d 688, 691 (8th Cir. 1997). Under the general category of convenience, courts also consider accessibility to records and documents. *Id.* at 696. "Courts have not, however, limited a district court's evaluation of a transfer motion to these enumerated factors. Instead, courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id.*

Defendant urges the Court transfer this matter to the District of Delaware, as Delaware is defendant's state of incorporation and is thus a venue in which this action may have been originally brought. However, with respect to the "convenience of parties" factor, none of the parties is actually physically present in Delaware. Plaintiff is a Missouri LLC with its principal place of business in St. Louis. Defendant — although incorporated in Delaware (as are many, many corporations) — has its offices in Massachusetts. Some of defendants' employees are also located in Moscow, Russia. Defendant states that transfer to Delaware "will minimize disruption of [its] business operations and distraction of its executives and employees," but the Court has a

hard time imagining how a Delaware venue would ease defendant's corporate minds versus litigation pending in St. Louis.

In terms of convenience of the witnesses, defendant is likely correct that its own witnesses will outnumber plaintiff's. Defendant states that its witnesses are located in Massachusetts and Russia. Again, the Court does not agree that Delaware will necessarily be more convenient than St. Louis, which is home to a large airport that is quite convenient to hotels and the federal courthouse. Defendant states that its employees and executives will "likely have to be deposed and to testify as witnesses, interrupt their duties, and travel to Missouri for trial from Woburn, Massachusetts or Moscow, Russia." Even if Court expected that it would require frequent appearances from those individuals here in St. Louis, which it does not, Delaware is hardly more convenient than St. Louis. Defendant suggests that transfer to Delaware would "reduce, if not eliminate" its costs — but travel to Delaware is not cost-free from either Massachusetts or Moscow. Travel to St. Louis from Moscow may be even easier than travel to Delaware for the defendant's witnesses.

Finally, with respect to accessibility to records and documents, those are also alleged to be located in Massachusetts and Russia. Here, defendant cites to *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010), in which the Eighth Circuit accepted a writ of mandamus after Apple lost its motion to transfer a patent infringement suit from the Western District of Arkansas to the Northern District of California. The Eighth Circuit ordered that the convenience of the parties and witnesses and the interests of justice required transfer where a Taiwanese manufacturer with no United States presence (other than the Arkansas location of its lawyers) filed its lawsuit in Arkansas rather than California, in Apple's home district. There, the Court stated "While

electronic filing may lessen the inconvenience of document handling, if the need arises to refer to original documents or evidence in the litigation, Northern California would prove more convenient," because that is where defendant Apple's original documents were. *Id.* The Court afforded no weight to the Taiwanese plaintiff's contention that *its* documents were in Arkansas because the plaintiff had shipped its documents to its lawyers there. *Id.*

The circumstances present in *Apple* are not present here. In *Apple*, the plaintiff's chosen district had no relationship to either party, and the defendant's preferred venue was in the district of its headquarters — not in some other district where no parties or witnesses reside. Here, defendant cannot argue that the documents in Massachusetts are significantly more convenient to a Delaware court than to a St. Louis court.

Finally, defendant argues that the interests of justice are served by transfer to Delaware. Defendant's preference for transporting its witnesses and documents to Delaware, rather than St. Louis, has already been addressed. Defendant also argues that it is a plaintiff in patent litigation currently pending in Delaware, so that court — it claims — is already familiar with defendant, and judicial resources would be saved. The Court is unsure of defendant's reasoning, as these lawsuits are unrelated. Further, there are seven judges in the District of Delaware (four district judges, three magistrate judges), any of which might be assigned this matter if it were transferred.

Ultimately, this Court will respect the plaintiff's choice of venue. Indeed, plaintiff's witnesses (the inventors of the patent-in-suit and the owner of PB&J) are residents of this District. Although defendant may prefer a District of Delaware venue, the factors weigh in favor of the plaintiff's choice here. The motion to transfer will be denied.

## V. Conclusion

The Court will grant defendant's motion to dismiss, but will allow plaintiff an opportunity to amend and provide a more definite statement. The Court will deny defendant's motion to transfer to the District of Delaware.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss is GRANTED, in part, but that plaintiff shall be permitted 21 days in which to amend its pleading in accordance with this Memorandum.

**IT IS FURTHER ORDERED** that defendant's motion to transfer this matter to the District of Delaware is DENIED.

Dated this 25th day of September, 2012.

STEPHEN N. LIMBAUGH, Jr.
UNITED STATES DISTRICT JUDGE