UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PB&J SOFTWARE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12-CV-690 SNLJ |
| ) | |
| ACRONIS, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Plaintiff PB&J Software, LLC brought patent infringement suits against four defendants in four different cases. The four defendants include the defendant in this action as well as BackupAgent B.V. (4:12-cv-691-CDP), Decho Corp d/b/a Mozy (4:12-cv-692-JAR), and Evault, Inc. (4:12-cv-693-JAR). Plaintiff alleges in each case that it is the owner of U.S. Patent No. 7,356,535 ("the '535 Patent" or the "Patent") and that each named defendant has infringed one or more claims of the Patent.

Plaintiff has moved to consolidate the cases pursuant to Federal Rule of Civil Procedure 42(a) (#18) for the purposes of discovery, the claim construction hearing required by *Markman v. West view Instruments, Inc.*, 517 U.S. 370 (1996), and for any dispositive motions involving issues of validity, enforce ability, scope, and/or the meaning of the Patent or any claims set forth within it.

The four defendants oppose the motion to consolidate. For the reasons set forth below, the Court will deny the motion to consolidate.

Federal Rule of Civil Procedure 42(a) states that "If actions before the court involve a common question of law or fact, the court may...consolidate the actions." Plaintiff moves for consolidation here for the purpose of discovery and claim construction because, it argues, "[c]ommon questions of law and fact permeate these case." Plaintiff argues that the Court must hold a claim construction hearing pursuant to *Markman v. West view Instruments, Inc.*, 517 U.S. 370 (1996), and that the hearing will require the Court to construe the same facts and law — the written description of the patent claim, the patent specification, and the history of the patent. Thus plaintiff requests that the Court consolidate the four cases for purposes of discovery, the claim construction hearing, and any dispositive motions involving issues of validity, enforceability, scope, and/or the meaning of the patent or any claims set forth within it.

Defendants Acronis, Decho, and Evault vigorously oppose the consolidation motion (defendant BackupAgent has not filed a response). The defendants contend that plaintiff is trying to make an end-run around the newly-enacted America Invents Act, which included a statute explicitly requiring a high standard for joinder of defendants. *See* 35 U.S.C. § 299 (2011). That statute provides in relevant part that accused infringers may be joined in one action as defendants or have their actions consolidated for trial only if the allegations of infringement "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process."

Plaintiff correctly points out that consolidation and joinder are distinct concepts and that Section 299 prohibits only joinder or consolidation *for trial*. As a result, plaintiff argues,

consolidation for *pre-trial* matters is implicitly allowed.  Without ruling on whether or not that is true, this Court holds that consolidation is not appropriate here.[1]

The party seeking consolidation has the burden of showing the commonality of factual and legal issues, and the Court must examine "the special underlying facts" with "close attention" before ordering consolidation.  *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993) (cited by *Furminator, Inc. v. Ontel Prods. Corp.*, No. 4:06-cv-1294 CAS, 2005 WL 3827522, *2 (E.D. Mo. Dec. 28, 2006)).  The purpose of consolidation is to promote convenience and economy in administration.  *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994).  Consolidation is not appropriate if it "leads to inefficiency, inconvenience, or unfair prejudice to a party."  *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

Plaintiff has not met its burden of showing the commonality of factual and legal issues. First, the Patent has 18 claims.  Plaintiff simply alleges that "at least one claim" of the Patent has been infringed by each defendant, so it is not at all clear that the defendants are alleged to infringe the same claim.  In fact, in the instant case, the Court ruled that the complaint's specificity was insufficient as a matter of law and granted defendant Acronis's motion to dismiss with leave for plaintiff to amend.

Moreover, even if the actions do share common questions of law or fact, it is unlikely that consolidation will promote judicial economy or efficiency.  *See Body Science LLC v. Boston Scientific Corp.*, 846 F. Supp. 2d 980, 990-91 (N.D. Ill. 2012) (severing six defendants as

---

[1]The Court notes, however, that the America Invents Act has not prevented the United States Judicial Panel on Multidistrict Litigation from "centralizing" fourteen patent infringement actions into a Multidistrict Litigation in *In re: Maxim Integrated Prods., Inc., Patent Lit.*, --- F. Supp. 2d ---, 2012 WL 2126807 (U.S. Jud. Pan. Mult. Lit. June 11, 2012).

misjoined and, although pre-AIA, refusing to consolidate the derivative matters despite the presence of common questions of law or fact).  Although claim construction hearings will be necessary, to the extent that the subject matter of those hearings overlap, the three judges presiding over the four cases may easily be made aware of relevant prior rulings, and they may choose to accept or reject prior rulings as they see fit.  The same is true for other motions, dispositive or otherwise.

Furthermore, the parties are likely to be prejudiced if their cases are consolidated because the cases are at different stages.  Evault chose to answer the complaint rather than file a motion to dismiss in order to resolve the merits of PB&J's claims as early as possible.  Consolidating the Evault action with the others would necessarily slow down the Evault case.  BackupAgent has only recently been served, and it filed its motion to dismiss less than a month ago.  This Court ruled on Acronis's motion to dismiss but granted time for PB&J to amend its complaint.  Decho has a pending motion to dismiss.  Thus, although Evault has already entered discovery, it would either have to wait for the other defendants to "catch up" to it in the consolidated litigation, or the Court would have to separately address any Evault discovery issues.  The result would either prejudice Evault or would be confusing and would not enhance efficiency.

Finally, and notwithstanding Evault's different tactical choice, the defendants are apparently competitors, so confidentiality concerns would arise if the defendants were required to litigate in a consolidated case.

For all of the above reasons, consolidation is not warranted here.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to consolidate (#18) is DENIED without prejudice.

Dated this  10th  day of October, 2012.

_____
STEPHEN N. LIMBAUGH, Jr.
UNITED STATES DISTRICT JUDGE